**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
Email: bheikali@faruqilaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA KLEINFELDT, Derivatively on Behalf of Nominal Defendant, NATURAL HEALTH TRENDS CORP., | Case No. 2:16-cv-01547 |
| Plaintiff, | **STIPULATION OF SETTLEMENT** |
| vs. | |
| CHRIS T. SHARNG, GEORGE K. BROADY, KIN Y. CHUNG, RANDALL A. MASON, CHRISTOPHER R. O'BRIEN, and TIMOTHY S. DAVIDSON, | |
| Defendants, | |
| And | |
| NATURAL HEALTH TRENDS CORP. | |
| Nominal Defendant. | |

This Stipulation of Settlement dated as of March 9, 2018 (the "**Stipulation**") is made and entered into by and among the following Parties: (i) Angela Kleinfeldt ("**Plaintiff Kleinfeldt**"), plaintiff in the above-captioned shareholder derivative action; (ii) Chuhao Zhou ("**Plaintiff Zhou**," and together with Plaintiff Kleinfeldt, the "**Plaintiffs**"), plaintiff in the *Zhou* Action (defined below); (iii) nominal defendant Natural Health Trends Corp. ("**NHTC**" or the "**Company**"); and (iv) Chris T. Sharng, George K. Broady, Kin Y. Chung, Randall A. Mason, Christopher R. O'Brien, Timothy S. Davidson, and Yiu Tung Chan (collectively, the "**Individual Defendants**," and together with NHTC, the "**Defendants**"), by and through their counsel. Subject to the approval of the Court, the Stipulation is intended by Plaintiffs and Defendants (together, the "**Parties**") to fully, finally and forever resolve, discharge, and settle the Actions (defined below) and the Released Claims (defined below), upon and subject to the terms and conditions hereof.

## I.     THE ACTIONS

On February 5, 2016, Plaintiff Zhou commenced an action against the Individual Defendants in the Superior Court of the State of California, County of Los Angeles (the "**State Court**"), styled *Zhou v. Sharng, et al.*, Case No. BC609412, purporting to assert claims derivatively on behalf of NHTC (the "*Zhou* **Action**").

On March 4, 2016, Plaintiff Kleinfeldt commenced the above-captioned action against the Individual Defendants[1] in the U.S. District Court for the Central District of California (the "**Court**"), purporting to assert claims derivatively on behalf of NHTC (the "*Kleinfeldt* **Action,**" and together with the *Zhou* Action, the "**Actions**").

The complaints in the Actions allege that the Individual Defendants breached their fiduciary duties by, *inter alia*, (i) knowingly or recklessly making and/or causing NHTC to make allegedly false and misleading statements of material fact pertaining to Chinese regulatory authorities' investigation of NHTC, NHTC's business model's

---

[1] Yiu Tung Chan is named as a Defendant only in the *Zhou* Action.

compliance with all applicable laws in Hong Kong, Taiwan, and China, and the purpose and prudence of several stock repurchase programs offered by the Company; (ii) causing the Company to violate Chinese law by allegedly engaging in direct selling and multi-level marketing in China; and (iii) entering into several stock repurchase agreements which allegedly harmed the Company and its assets. The complaint in the *Kleinfeldt* Action alleged counts for breach of fiduciary duty, waste of corporate assets, unjust enrichment, and gross mismanagement. The complaint in the *Zhou* Action alleged counts for breach of fiduciary duty, gross mismanagement, abuse of control, corporate waste, and unjust enrichment.

On May 3, 2016, the Court entered an order staying the *Kleinfeldt* Action pending resolution of the motion to dismiss filed in the related consolidated securities class action styled *Ford v. Natural Health Trends Corp. et al.*, Case No. 2:16-cv-00255 (C.D. Cal.) (the "**Securities Class Action**").

On May 16, 2016, the State Court entered an order staying the *Zhou* Action under substantially the same terms as the stay in the *Kleinfeldt* Action.

On December 5, 2016, this Court denied the motion to dismiss the Securities Class Action.

On February 1, 2017, the State Court entered an order extending the stay of the *Zhou* Action until and through the resolution of the Securities Class Action;

On February 6, 2017, this Court entered an order extending the stay of the *Kleinfeldt* Action under the same terms as the extension of the stay in the *Zhou* Action.

On August 1, 2017, Plaintiffs' Counsel (defined below) sent a joint settlement demand with proposed corporate governance reforms to Defendants' Counsel (defined below) to be adopted by NHTC in connection with a proposed settlement of the Actions. The Parties thereafter engaged in good faith settlement discussions.

On or about November 1, 2017, the Parties reached an agreement in principle with respect to corporate governance reforms to be instituted by NHTC and other terms of the proposed settlement of both Actions, as set forth in this Stipulation (the

1   "**Settlement**"), including the award of attorneys' fees and expenses to Plaintiffs'
2   Counsel.

3       The Parties' agreement in principle to the terms of the Settlement of the Actions
4   was memorialized in a Memorandum of Understanding dated November 10, 2017.

5       Although Plaintiffs believe their claims have merit, they recognize the expense
6   and length of continued proceedings necessary to prosecute such claims through trial
7   and subsequent appeals.  Plaintiffs' Counsel also have taken into account the costs
8   and risks inherent in proceeding further with litigation.  Moreover, Defendants,
9   without an agreement to resolve this litigation, will continue to vigorously challenge
10  the claims.  Therefore, Plaintiffs and Plaintiffs' Counsel believe that the Settlement,
11  on the terms and conditions set forth herein, is fair, reasonable, adequate, and in the
12  best interests of NHTC and its shareholders.

13      Defendants believe that the claims asserted in the Actions are completely
14  without merit.  Defendants have denied and continue to deny any and all wrongdoing
15  whatsoever and maintain that their conduct was at all times proper and in compliance
16  with applicable provisions of law.  Defendants have denied and continue to deny each
17  and all of the claims alleged by Plaintiffs in the Actions and deny that they have
18  committed any of the wrongful acts or violations of law that are alleged in the Actions,
19  including without limitation that they made any material misrepresentations or
20  omissions or committed any breach of fiduciary duty.  In addition, Defendants believe
21  that they have meritorious defenses to all claims alleged in the Actions.  Nonetheless,
22  Defendants have agreed to enter into the Settlement to avoid the expense, distraction,
23  and time associated with continuing the Actions.  Nothing in this Stipulation shall be
24  construed or deemed to be an admission or concession on the part of any Defendant
25  with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or with
26  respect to the validity of the defenses that Defendants have asserted or may assert.

27      NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and among
28  the Parties hereto, through their undersigned counsel, as follows:

Execution Copy

3

## II.    <u>CERTAIN DEFINITIONS</u>

**1.**    To the extent not otherwise defined herein, as used in this Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to the Stipulation, the definition set forth below shall control.

**a.**    "**Actions**" means collectively the *Kleinfeldt* Action and the *Zhou* Action.

**b.**    "**Court**" means the U.S. District Court for the Central District of California.

**c.**    "**Defendants**" means the Individual Defendants and NHTC.

**d.**    "**Defendants' Counsel**" means Cooley LLP.

**e.**    "**Effective Date**" means the first date by which all of the events and conditions specified in Paragraph 18 of this Stipulation have been met and have occurred.

**f.**    "**Escrow Account**" means the escrow account designated by Plaintiffs' Counsel that Defendants' insurer will cause the Fee and Expense Award to be transferred to via wire.

**g.**    "**Execution Date**" means the date that this Stipulation has been signed by all the signatories hereto through their counsel.

**h.**    "**Final**" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order or judgment becomes "Final" when it has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and the Court of Appeals has either affirmed the underlying order or judgment in its entirety or

dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (c) the Supreme Court has granted review and that Court has either affirmed the underlying order or judgment in its entirety, or affirmed the Court of Appeals' decision affirming the order or judgment in its entirety or dismissing the appeal.  For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings seeking review, alteration, amendment, or appeal of a court's order, but shall not include any appeal that concerns only the issue of attorneys' fees and/or expenses or any Service Award (defined below) to Plaintiffs. Any appeal or proceeding relating solely to these excluded issues shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

   **i.** "**Final Hearing**" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair and reasonable, and whether the Court should enter the Judgment approving the proposed Settlement.

   **j.** "**Immediate Family**" means an individual's spouse, domestic partner, parents, grandparents, children and grandchildren.

   **k.** "**Individual Defendants**" means collectively Chris T. Sharng, George K. Broady, Kin Y. Chung, Randall A. Mason, Christopher R. O'Brien, Timothy S. Davidson, and Yiu Tung Chan.

   **l.** "**Judgment**" means the judgment to be entered by the Court, substantially in the form attached as Exhibit C hereto.

   **m.** "*Kleinfeldt* **Action**" means the above-captioned derivative action styled *Kleinfeldt v. Sharng et al*., No. 2:16-cv-01547, pending in the Court.

   **n.** "**NHTC**" or the "**Company**" means Natural Health Trends Corp.

   **o.** "**NHTC Shareholder**" means any Person with an ownership or beneficial interest in NHTC common stock.

**p.**   "**Notice**" means the Notice of Shareholder Derivative Action, Proposed Settlement, and Settlement Hearing, in the form attached as Exhibit B-1 hereto or such other substantially similar form agreed to by the Parties and approved by the Court.

**q.**   "**Parties**" means collectively Plaintiffs and Defendants.

**r.**   "**Person**" means any individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust or trustee, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal, business or political entity, together with the spouses, heirs, predecessors, successors, representatives, or assigns of any of the foregoing.

**s.**   "**Plaintiffs**" means collectively Plaintiff Kleinfeldt and Plaintiff Zhou.

**t.**   "**Plaintiffs' Counsel**" means Faruqi & Faruqi, LLP and The Brown Law Firm, P.C.

**u.**   "**Preliminary Approval Order**" means the [Proposed] Preliminary Approval Order, in the form annexed hereto as Exhibit B, or such other substantially similar form agreed to by the Parties, as entered by the Court.

**v.**   "**Reforms**" means the corporate governance reforms set forth in Exhibit A hereto.

**w.**   "**Released Claims**" means any and all claims, rights, demands, causes of action, or liabilities of any kind, nature, and character whatsoever, whether based on federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether known or unknown, including, without limitation, Unknown Claims (as defined below) (collectively "**Claims**") against any of the Released Persons that have

been, could have been, or could in the future be, asserted in the Actions or in any other forum or proceeding by any Person (including but not limited to Plaintiffs) derivatively on behalf of NHTC, or by NHTC itself, against any of the Released Persons that arise out of or are related, directly or indirectly, in any way to:

(a) any of the facts, matters, occurrences, actions, practices, conduct, events, transactions, statements, disclosures, representations, misrepresentations, omissions, or failures to act that were involved, set forth, referred to, asserted, or alleged, in either of the Actions or the Securities Class Action, including, but not limited to, claims for breach of fiduciary duty, abuse of control, mismanagement, gross mismanagement, waste of corporate assets, misappropriation of information, unjust enrichment, insider trading, contribution and indemnification, money damages, disgorgement, any and all demands, actions, damages, claims, rights or causes of action, or liabilities whatsoever; or

(b) that would have been barred by res judicata, collateral estoppel, or any other doctrine of issue or claim preclusion had either of the Actions been fully litigated to a final judgment,

*provided that* Released Claims shall not include claims to enforce the Settlement.

x.   "**Released Persons**" means (a) the Defendants, as well as any Person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of them; and (b) with respect to each of the Persons in subsection (a) of this Paragraph, their respective past, present or future directors, officers, employees, members, owners, fiduciaries, associates, consultants, insurers, co-insurers, reinsurers, attorneys, agents, representatives, partners, principals, advisors, investment advisors, auditors, accountants, foundations, trustees, estates, beneficiaries, administrators, underwriters, banks, bankers, subsidiaries, divisions,

parents, successors, predecessors, assigns, shareholders, heirs, executors, Immediate Family members, and anyone acting or purporting to act for, through, or on behalf of any of them or their successors.

      **y.**   "**Settlement**" means the settlement embodied in this Stipulation.

      **z.**   "**State Court**" means the Superior Court of the State of California for the County of Los Angeles, which is the court in which the *Zhou* Action is pending.

      **aa.**   "**Unknown Claims**" means any Claims that Plaintiffs, NHTC or any NHTC Shareholder (claiming in the right of, or on behalf of, the Company) does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. Unknown Claims include those Claims in which some or all of the facts comprising the Claim may be unsuspected, or even undisclosed or hidden. With respect to any and all Released Claims, including Unknown Claims, Plaintiffs and NHTC stipulate and agree that, upon the Effective Date, they shall expressly waive, and every NHTC Shareholder shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs and NHTC shall expressly waive, and every NHTC Shareholder shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.

Plaintiffs, NHTC, and/or any NHTC Shareholder may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and NHTC shall expressly have, and every NHTC Shareholder shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and NHTC acknowledge, and every NHTC Shareholder shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers were separately bargained for and a key element of the Settlement of which this release is a material and essential part.

bb.  "*Zhou* **Action**" means the derivative action styled *Zhou v. Sharng et al.*, Case No. BC609412, pending in the State Court.

## III.   CORPORATE GOVERNANCE CHANGES AND PRIOR ACTIONS TAKEN BY NHTC

**2.**   Not later than thirty (30) days after the Effective Date, NHTC's board of directors will adopt by resolution, or other means as appropriate, the corporate governance Reforms set forth in Exhibit A hereto, and incorporated by reference herein, and the Company will maintain the Reforms for at least five (5) years thereafter.  Defendants acknowledge that in the course of the Parties' negotiations at arm's length, the Reforms were first presented to the Defendants, and as a result of the filing, pendency, and settlement of the Actions, NHTC agreed to implement the Reforms.  The Parties agree that the Reforms confer a substantial benefit to NHTC and NHTC Shareholders.

3. To the extent that (a) any changes, modifications, and improvements to NHTC's corporate governance and business ethics practices, and (b) any changes to NHTC's Board of Directors or management personnel were made by the Company following the initiation of the Actions, NHTC acknowledges that the filing and pendency of the Actions comprised a substantial contributing factor thereto. These changes include, but are not limited to, the prior actions taken by NHTC that are set forth in Exhibit A hereto.

4. NHTC further acknowledges that the filing and pendency of the Actions comprised a substantial contributing factor to any changes, modifications, and improvements to NHTC's corporate governance and business ethics practices made up to the Effective Date.

## IV. PROCEDURE FOR IMPLEMENTING THE SETTLEMENT

5. Promptly after the Execution Date, counsel for Plaintiff Kleinfeldt shall submit the Stipulation together with its Exhibits to the Court, and shall make an application, which shall be unopposed by Defendants, for entry of the Preliminary Approval Order substantially in the form of Exhibit B hereto. Such application shall be supported by a memorandum of law submitted by Plaintiffs' Counsel. The application shall request, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval of notice to NHTC Shareholders in the form attached as Exhibit B-1 hereto ("**Notice**"), as well as a date for a hearing at which the Court will decide whether to grant final approval of the Settlement ("**Final Hearing**"). The Notice shall include the general terms of the proposed Settlement set forth in the Stipulation, the agreed-upon Fee and Expense Award (defined below), contact information for Plaintiffs' Counsel, and the date of the Final Hearing.

6. Subject to Court approval, within ten (10) days of the Court's entry of the Preliminary Approval Order, NHTC shall publish the Notice via a press release, file the Notice in a Current Report on a Form 8-K with the U.S. Securities and Exchange Commission, and post the Notice together with this Stipulation on NHTC's

corporate website.  All costs of such notice shall be paid by NHTC and/or its insurer. The Parties believe the content and manner of such notice procedure constitutes adequate and reasonable notice to NHTC Shareholders pursuant to applicable law and due process.

7.    Within three (3) business days after the Judgment in this action becomes Final, Plaintiff Zhou shall file the necessary documents in the *Zhou* Action to voluntarily dismiss that action with prejudice, in accordance with the State Court's local rules.  Plaintiff Zhou agrees to use his reasonable best efforts to file with the State Court any motion, notice, or other document requested by that court to secure dismissal with prejudice of the *Zhou* Action.  The Parties to the *Zhou* Action agree to cooperate to secure the dismissal with prejudice of the *Zhou* Action.

## V.    ATTORNEYS' FEES

8.    In recognition of the substantial benefits provided to NHTC and NHTC Shareholders as a result of the settlement of the Actions, the Company, acting through its Board of Directors, has agreed to cause Defendants' insurer to pay Plaintiffs' Counsel an award of attorneys' fees and expenses in the total amount of Two-Hundred Fifty Thousand Dollars ($250,000.00) ("**Fee and Expense Award**"), subject to approval by the Court.  The Parties mutually agree that the Fee and Expense Award is fair and reasonable in light of the substantial benefits conferred upon NHTC and NHTC Shareholders by the Reforms.  Defendants agree not to oppose Plaintiffs' application for the Fee and Expense Award.

9.    The Fee and Expense Award shall be transferred via wire to an escrow account (the "**Escrow Account**") designated by Plaintiffs' Counsel within twenty-one (21) days after both of the following have occurred: (a) the Court has entered the Preliminary Approval Order; and (b) Plaintiffs' Counsel have provided Defendants' Counsel all necessary payment details to accomplish payment of the Fee and Expense Award to the Escrow Account by wire transfer, including bank account number, name of bank, bank address, a Sort Code or ABA Routing Number, wire transfer

instructions, the Tax Identification Number, and an executed Form W-9. Defendants and Defendants' Counsel shall have no responsibility for, nor bear any risk or liability with respect to, the Escrow Account, its operation, and any taxes or expenses incurred in connection with the Escrow Account. Plaintiffs' Counsel shall be solely responsible for any costs associated with the Escrow Account as well as the filing of all informational and other tax returns with the Internal Revenue Service, or any other state or local taxing authority, as may be necessary or appropriate.

10. The Fee and Expense Award shall remain in the Escrow Account until entry of the Judgment, at which time the Fee and Expense Award shall be immediately releasable to Plaintiffs' Counsel. Should the Court order the payment of attorneys' fees and expenses to Plaintiffs' Counsel in an amount less than the agreed Fee and Expense Award prior to, or at the time of, entry of the Judgment, then only the Court-approved amount shall be released to Plaintiffs' Counsel. Any amounts remaining in the Escrow Account shall be returned to NHTC within fifteen (15) business days of entry of the Judgment, together with any accrued interest earned thereon.

11. Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Actions and the resolution of the claims alleged therein. Defendants and Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee and Expense Award amongst Plaintiffs' Counsel. Defendants shall have no obligation to make or cause to be made any payment to Plaintiffs' Counsel other than the payment provided for in Paragraph 9 herein.

12. If for any reason any condition in Paragraph 18 is not met and the Effective Date does not occur, if the Stipulation is in any way canceled or terminated, or if the Judgment is not entered or does not become Final for any reason, then each of Plaintiffs' Counsel and their successors shall be obligated to repay to NHTC, within fifteen (15) business days, the amount of the Fee and Expense Award paid by or on

behalf of Defendants that they received, together with any accrued interest earned thereon. In the event of any failure to obtain Final approval of the full amount of the Fee and Expense Award, or upon any appeal and/or further proceedings on remand, or successful collateral attack, which results in the Judgment or the Fee and Expense Award being overturned or substantially modified, each of Plaintiffs' Counsel and their successors shall be obligated to repay to NHTC, within fifteen (15) business days, the portion of the Fee and Expense Award paid by or on behalf of Defendants that they received and that was ultimately not awarded to Plaintiffs' Counsel, together with any accrued interest earned thereon. Each of Plaintiffs' Counsel that receives any portion of the Fee and Expense Award is subject to the Court's jurisdiction for the purposes of enforcing this Paragraph or any other provisions related to the Fee and Expense Award.

13. Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs and attorneys' fees related to the Actions.

14. In light of the substantial benefits they have helped to create for all NHTC Shareholders, each of the Plaintiffs may apply for Court-approved service awards in the amount of One Thousand Dollars ($1,000.00) ("**Service Awards**"). Each Service Award to each of the Plaintiffs, to the extent that it is applied for and approved in whole or part, shall be funded solely from the Fee and Expense Award distributed to Plaintiff's Counsel, to the extent that the Fee and Expense Award is approved in whole or in part. Defendants shall take no position on the Service Awards and shall have no obligation to pay them.

## VI. JUDGMENT APPROVING THE SETTLEMENT

15. At the Final Hearing, counsel for Plaintiff Kleinfeldt shall request entry of the Judgment, substantially in the form attached hereto as Exhibit C.

## VII. RELEASES

16. Upon the Effective Date, Plaintiffs, NHTC, and all current and former NHTC Shareholders, on behalf of themselves, and each of their respective personal

representatives, Immediate Family members, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting for, through, or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting, or prosecuting any Released Claims against any of the Released Persons, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of this Stipulation.

17.     Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Released Claims, including all claims that each Released Person does not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiffs and Plaintiffs' Counsel, or might have affected his, her, or its decision not to object to this Settlement.  Nothing herein shall in any way impair or restrict the rights of any of the Parties to enforce the terms of this Stipulation.

## VIII.  <u>CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION</u>

18.     The Effective Date of this Stipulation, and the Settlement incorporated herein, shall be the first date on which all of the following events have occurred:

(a)     Plaintiffs' Counsel and Defendants' Counsel have executed this Stipulation;

(b)     The Court has entered the Preliminary Approval Order as described in Paragraph 5 hereof;

(c)     The Court has entered the Judgment, substantially in the form of Exhibit C attached hereto, or such other substantially similar form agreed to by the Parties;

(d)     The Judgment has become Final;

(e)     The State Court has dismissed the *Zhou* Action with prejudice; and

(f)     No Settling Party has given notice of its election to terminate the Settlement pursuant to Paragraph 19 below, and the time for doing so has expired.

**19.**     Plaintiffs on the one hand, and NHTC on the other, shall each have the right to terminate the Settlement, and thereby this Stipulation, by providing written notice of their election to do so ("**Termination Notice**") to all other Parties hereto within thirty (30) calendar days of:

(a)     the Court's declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(b)     the Court's refusing to approve the Settlement as set forth in this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(c)     the Court's declining to enter the Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(d)     the date upon which the Judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals, or the U.S. Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(e) the date upon which an alternative judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals, or the Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it; or

(f) the date upon which the State Court refuses to dismiss the *Zhou* Action in its entirety with prejudice.

Notwithstanding anything above, Plaintiffs may not terminate the Settlement based on the amount of the Fee and Expense Award and/or Service Awards, if any, awarded by the Court.

**20.** In the absence of any of the events enumerated in Paragraph 19 above, no Party shall have the right to terminate the Stipulation for any reason.

**21.** If the Settlement is terminated by Plaintiffs or Defendants pursuant to Paragraph 19 (a "**Termination**"): (a) the Settlement shall be without force and effect upon the rights of the Parties, and none of its terms (other than the terms of this Paragraph and Paragraphs 10, 12, 24, and 35) shall be effective or enforceable; (b) the Parties shall revert to their litigation positions immediately prior to the Execution Date, and no claims, rights, or defenses, whether legal or equitable, of any of the Parties hereto that existed prior to executing this Stipulation shall be diminished or prejudiced in any way; and (c) within ten (10) business days from the date of such Termination, Plaintiffs' Counsel shall return to NHTC any and all sums paid pursuant to Paragraph 9 above, and all interest, if any, earned on such sums.

## IX.   <u>NO ADMISSIONS</u>

**22.** The Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Actions and to compromise claims that are contested. Entry into this Settlement shall not be deemed an admission by any Party hereto as to the merits of any claim or defense or any allegation made in any of the Actions.

**23.**    The Defendants make no admission of liability or any form of wrongdoing whatsoever, deny that any of them have committed any violations of law, deny that any of the Individual Defendants have committed any breaches of duty to NHTC, the Plaintiffs, NHTC Shareholders, or anyone else, or aided and abetted the same, and expressly maintain that they diligently and scrupulously complied with any and all fiduciary and other legal duties.

**24.**    This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings, or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings, or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

a)    shall not be offered or received against any of the Released Persons as evidence of a presumption, concession, or admission of any kind;

b)    shall not be offered or received against any of the Released Persons as evidence of an admission by any of those Released Persons with respect to the truth of any fact alleged in any of the Actions or the validity of any Released Claims, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Released Persons;

c)    shall not be offered or received against the Released Persons as evidence of any fault, misrepresentation, omission, or other actionable conduct with respect to any statement or written document approved or made by any of the Released Persons;

d)    shall not be offered or received against the Released Persons as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as evidence against any of the Released Persons, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it

1    to effectuate the release of Released Claims and other liability protections granted

2    them hereunder;

3            e)      shall not be construed against any of the Released Persons as an

4    admission, concession, or presumption that the consideration to be given hereunder

5    represents the amount that could be or would have been recovered after trial;

6            f)      shall not be construed as or received in evidence as an admission,

7    concession, or presumption against Plaintiffs that any of their claims are without

8    merit, or that any defenses asserted by the Defendants have any merit; and

9            g)      shall not, in the event of a Termination, be used by any Party for

10   any purpose in any trial in any of the Actions.

11       Any Party may file or introduce this Stipulation and/or the Judgment in (i) any

12   action or proceeding that may be brought against them in order to support a defense

13   or counterclaim based on principles of *res judicata*, collateral estoppel, release, good

14   faith settlement, judgment bar, or reduction, or any other theory of claim preclusion

15   or issue preclusion or similar defense or counterclaim or (ii) in any action or

16   proceeding related to rights or claims of Defendants to indemnification and/or

17   advancement in connection with the Actions.

18   **X.      MISCELLANEOUS PROVISIONS**

19       **25.**     The Parties: (a) acknowledge that it is their intent to consummate the

20   Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate

21   and implement all terms and conditions of the Stipulation and to exercise their best

22   efforts to accomplish the foregoing terms and conditions of the Stipulation.

23       **26.**     Pending final determination of whether the Stipulation should be

24   approved, Plaintiffs and all NHTC Shareholders are barred and enjoined from

25   commencing or prosecuting any action asserting any Released Claims against any

26   Released Persons.

27       **27.**     The Stipulation may be amended or modified only by a written

28   instrument signed by or on behalf of all Parties or their respective successors-in-

interest.  The Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Stipulation.

**28.**	The Stipulation, including its Exhibits, constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby.  The Parties understand and acknowledge that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each Party or believed by such Party to be true; each Party therefore expressly assumes the risk of the facts or law turning out to be different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

**29.**	The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  The Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

**30.**	The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, successors, and assigns of the Parties, including any corporation or other entity into or with which any Party merges, consolidates, or reorganizes.

**31.**	The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties and their counsel hereto

1   submit to the jurisdiction of the Court for purposes of implementing and enforcing

2   the Settlement embodied in the Stipulation.

3       **32.**    Nothing in this Stipulation, Settlement, or the negotiations or

4   proceedings relating to the foregoing is intended to or shall be deemed to constitute a

5   waiver of any applicable privilege or immunity, including, without limitation, the

6   accountants' privilege, the attorney-client privilege, the joint defense privilege, or the

7   work-product privilege, and all information transmitted between Plaintiffs' Counsel

8   and Defendants' Counsel in connection with this Settlement shall be inadmissible in

9   any proceeding in any federal or state court or other tribunal or otherwise, in

10   accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in

11   all respects in any such proceeding or tribunal.

12       **33.**    This Stipulation and the Settlement contemplated by it, and all disputes

13   arising out of or relating to the Stipulation and Settlement, shall be construed and

14   enforced in accordance with, and governed by, the substantive laws and procedural

15   rules of the State of California without giving effect to conflicts of law principles,

16   except to the extent that federal law requires application of federal law.  Any dispute

17   relating to this Stipulation or the Settlement shall be brought exclusively in the Court.

18       **34.**    This Stipulation should not be construed more strictly against one Party

19   than another merely by virtue of the fact that it, or any part of it, may have been

20   prepared by counsel for one of the Parties, it being recognized that the Stipulation is

21   the result of arm's length negotiations between the Parties, and all Parties have

22   contributed substantially and materially to the preparation of the Stipulation.

23       **35.**    All agreements by, between, or among the Parties, their counsel and their

24   other advisors as to the confidentiality of information exchanged between or among

25   them shall remain in full force and effect, and shall survive the execution and any

26   termination of this Stipulation and the final consummation of the Settlement, if finally

27   consummated.

28

**36.** In the event any proceedings by or on behalf of NHTC, whether voluntary or involuntary, are initiated under any chapter of the U.S. Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("**Bankruptcy Proceedings**"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of the Stipulation and Court approval of the Settlement in a timely and expeditious manner, to the extent consistent with applicable law. If any Bankruptcy Proceedings by or on behalf of NHTC are initiated prior to the payment of the Fee and Expense Award, the Settling Parties agree that all dates and deadlines in the Actions, if any, or any dates and deadlines associated with the appeal of the Actions, if any, will be extended for such periods of time as are necessary to attempt to obtain necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the terms and conditions of this Settlement, to the extent consistent with applicable law.

**37.** The Parties agree that the terms of the Settlement were negotiated in good faith and at arm's length by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel. The Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule, or regulation, that the Actions were brought or defended in bad faith or without a reasonable basis. The Parties also will request that the Judgment contain a finding that during the course of the Actions, the Parties and their respective counsel at all times complied with the requirements of Rule 11 and all other similar rules of professional conduct.

**38.** Any written notice required pursuant to or in connection with this Stipulation shall be addressed to the Parties' counsel as designated and identified below, and sent by both email and overnight mail.

**39.** The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

**40.**    The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope of the Stipulation or the intent of any provision.

**41.**    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

**42.**    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

**43.**    Pending approval by the Court of the Settlement, all proceedings in the *Kleinfeldt* Action shall remain stayed.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date set forth below.

Dated: March 9, 2018

By: */s/ Stuart J. Guber*
Stuart J. Guber
**FARUQI & FARUQI, LLP**
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Email: sguber@faruqilaw.com

Benjamin Heikali, SBN 307466
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Email: brohr@faruqilaw.com

*Counsel for Plaintiff Angela Kleinfeldt*

1                   By: */s/ Timothy W. Brown*

2                       Timothy W. Brown

3                       **THE BROWN LAW FIRM, P.C.**

                       240 Townsend Square

4                       Oyster Bay, NY 11771

5                       Telephone: (516) 922-5427

                       Email: tbrown@thebrownlawfirm.net

6

7                       Robert C. Moest, Of Counsel, SBN 62166

                       **THE BROWN LAW FIRM, P.C.**

8                       2530 Wilshire Boulevard, Second Floor

9                       Santa Monica, CA 90403

                       Telephone: (310) 915-6628

10                      Email: RMoest@aol.com

11                      *Counsel for Plaintiff Chuhao Zhou*

12

13                   By: */s/ Angela L. Dunning*

14                       Angela L. Dunning, SBN 212047

15                       **COOLEY LLP**

                       3175 Hanover Street

16                      Palo Alto, CA 94304

17                      Telephone: (650) 843-5000

                       Email: adunning@cooley.com

18

19                      *Counsel for Defendants and Nominal Defendant Natural Health Trends Corp.*

20

21

22        **ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

23      This certifies, pursuant to Local Rule 5-4.3.4, that all signatories to this

24 document concur in its content and have authorized this filing.

25

26                   */s/ Angela L. Dunning*

                       Angela L. Dunning

27

28